IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBBYN M. BLAND,

   *Plaintiff,*

v.

EDUCATIONAL CREDIT
MANAGEMENT CORP.,

   *Defendant.*

Civil Action No.: ELH-11-02812

**MEMORANDUM OPINION**

Robbyn Michelle Bland, the self-represented plaintiff, sued Educational Credit Management Corporation ("ECMC"), defendant, alleging that, in February 2011, ECMC fraudulently precipitated an offset of her federal and state tax refunds, in excess of $5,000, because she allegedly failed to repay her student loans, over which ECMC served as guaranty agency for the United States Department of Education. *See* Complaint (ECF 2). Plaintiff insists that she did not take out the loans at issue, was not in default, and that the offset was improper.[1]

After suit was initiated by Bland in the District Court of Maryland for Baltimore City, ECMC removed the case to federal court. *See* Notice of Removal (ECF 1). According to ECMC, this Court possesses subject matter jurisdiction under 28 U.S.C. § 1331. Although plaintiff's complaint, on its face, purports to assert state law claims, defendant contends that plaintiff's claims arise under the Higher Education Act ("HEA"), 20 U.S.C. §§ 1001 *et seq*, and "implicate" the Federal Family Education Loan Program ("FFELP"), which governs collection activities for student loans that are in default, thus conferring federal jurisdiction. *See* Notice of

---

[1] Because plaintiff is proceeding *pro se*, her filings have been "'liberally construed'" and are "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

Removal (ECF 1).  *See also* 28 U.S.C. § 1441(a)-(b) (authorizing removal of cases from state court when jurisdiction is founded on a claim "arising under" federal law).

Following removal, defendant moved to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted ("Motion," ECF 8; *see also* "Motion Memo," ECF 8-1).  Plaintiff opposes the Motion ("Opposition," ECF 13), and defendant has replied ("Reply," ECF 14).

For the reasons that follow, I conclude that the Court lacks subject matter jurisdiction over this case.  Accordingly, the case will be remanded to state court.

### Factual and Procedural Background

In September 2011, plaintiff filed suit in the District Court of Maryland for Baltimore City, a state trial court of limited jurisdiction.  *See* Md. Code (2006 Repl. Vol., 2011 Supp.), §§ 1-601 *et seq.* & §§ 4-101 *et seq.* of the Courts & Judicial Proceedings Article ("C.J.").[2]  As noted, she alleged that she did not owe any money on student loans, and that her federal and Maryland State tax refunds were improperly used to offset an alleged balance of about $22,000 owed on the student loans.

Civil actions in the Maryland district court are generally initiated by the filing of a form complaint.  *See* Md. Rules 3-303(a) & 3-701(b); *see also* C.J. § 6-403(a).  In her form complaint, plaintiff checked a box indicating that the case was an "action of contract."  Complaint at 1.  In the area of the form labeled "particulars of this case," and in a single appended page addressed to "Your Honor," plaintiff wrote that defendant acted "fraudulently" and that she seeks a "determin[ation of] the authenticity of the [loan] documents," as well as $22,000 in damages.  *See* Complaint at 1-2.

---

[2] In Maryland, the district court has original jurisdiction over civil actions in contract or tort where the alleged damages do not exceed $30,000.  C.J. § 4-401(1).

Defendant's Motion Exhibit B (ECF 8-3) indicates that plaintiff owes a balance of $22,491.78 on her student loans. Plaintiff's Exhibit A, appended to her Opposition (ECF 13), indicates that the federal offset was in the amount of $4,130, and the state offset was in the amount of $1,336, for a total of $5,466. *Id.* Although the offsets occurred in February 2011, plaintiff did not complain to ECMC about the offsets until June 2011. S*ee* defendant's Exhibit D (ECF 8-5). The tax refunds were restored to plaintiff in August 2011, based on plaintiff's financial hardship. *See* defendant's Exhibit C (ECF 8-4).

ECMC articulates three primary grounds in support of its motion to dismiss for failure to state a claim. ECMC maintains that plaintiff's claim is "moot because ECMC repaid Plaintiff's state and federal tax refund to her on August 18, 2011," in response to plaintiff's claim of a "financial hardship." Motion Memo at 6. Further, ECMC contends that plaintiff's claim must fail because ECMC followed proper procedures in informing plaintiff of the offset and of her opportunity to challenge it. *Id.* And, defendant observes that "[t]he essence of [plaintiff's] complaint is that ECMC has violated the HEA and corresponding federal regulations by offsetting her tax refunds against defaulted student loans that she claims are not hers," but "as a matter of law . . . the HEA does not provide any express or implied private right of action for violations of its provisions." *Id.* at 5 (citation omitted).[3]

## Discussion

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Of import here, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, ___ U.S. ___, 130

---

[3] As stated, *supra*, the Motion presupposes that plaintiff's state law claims are preempted by the HEA.

S. Ct. 1181, 1193 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). With regard to removed cases, 28 U.S.C. § 1447(c) requires: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As noted, defendant asserts in its Notice of Removal that the Court possesses subject matter jurisdiction based on federal question jurisdiction, also known as "arising under" jurisdiction. *See* 28 U.S.C. §§ 1331 & 1441(a)-(b). Section 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In turn, § 1441, the general removal statute, permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When jurisdiction is based on a claim "arising under the Constitution, treaties or laws of the United States," the case is "removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b).[4]

The "'presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). In the event that a defendant contends that a plaintiff's state claims arise under federal law, the defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar*

---

[4] Defendant does not assert that the Court possesses subject matter jurisdiction on the basis of diversity of citizenship. *See* "Defendant's Statement Concerning Removal" (ECF 12) ("This action is not predicated on diversity jurisdiction."). Moreover, the amount in controversy here falls below the $75,000 threshold applicable to diversity cases. *See* 28 U.S.C. § 1332(a).

4

*Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of pre-emption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis added). Put another way, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant [generally] may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal citations omitted) (emphasis in original).

Complete preemption is distinct from the defense of federal preemption. The Supreme Court has explained: "When [a] federal statute *completely* pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial*, 539 U.S. at 8 (emphasis added).[5] Therefore, federal question jurisdiction is satisfied "when a federal statute wholly displaces the state-law cause of action through *complete* pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (emphasis added); *see also Vaden v. Discover Bank*, 556 U.S. 49, ___, 129 S. Ct. 1262, 1273 (2009); *Davila*, 542 U.S. at 207-08.

---

[5] For example, the Supreme Court has found complete preemption in the context of § 301 of the Labor Management Relations Act ("LMRA"), *see, e.g.*, *Caterpillar*, *supra*, 482 U.S. 386 (1987); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968); certain claims covered by the Employee Retirement Income Security Act ("ERISA"), *see, e.g.*, *Davila*, *supra*, 542 U.S. 200; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); the National Bank Act, *see Beneficial*, *supra*, 539 U.S. 1; and certain claims involving Native American tribal rights, *see Oneida Indian Nation of N.Y. State v. Oneida County*, 414 U.S. 661 (1974). "The courts of appeals and the district courts have extended the complete-preemption doctrine to a number of other substantive law contexts." WRIGHT, MILLER, COOPER & STEINMAN, 14B FEDERAL PRACTICE & PROCEDURE § 3722.2, at 507 (4th ed. 2009, 2011 Supp.).

5

To remove an action on the basis of complete preemption, "a removing defendant must show not only that the defendant's state law claim is cognizable as a federal claim, but also that Congress clearly intended the federal claim to 'provide *the exclusive* cause of action for claims of overwhelming national interest'" (citation and quotation marks omitted) (emphasis in original). *Barbour v. Intern. Union*, 640 F.3d 599, 631 (4th Cir. 2011). Complete preemption is a jurisdictional doctrine that "'converts an ordinary state common law complaint into one stating a federal claim,' and the federal claim is deemed to appear on the face of the complaint." *Pinney v. Nokia, Inc*., 402 F.3d 430, 449 (4th Cir. 2005) (citation omitted). By contrast, the defense of federal preemption "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id*.

Defendant contends that "the essence of Bland's Complaint is that ECMC has violated the HEA," Motion Memo at 5, and that, "as a matter of law," the HEA "does not provide any express or implied right of action for violations of its provisions." *Id*. Plaintiff's Complaint did not invoke the HEA, however. As noted, she used a form complaint, on which she checked a box indicating that she was asserting a contract claim. She also appeared to assert claims, albeit inartfully, for fraud and for declaratory relief. Accordingly, this Court has subject matter jurisdiction only if, as defendant implies, the HEA completely preempts plaintiff's state law causes of action, converting those claims into claims "arising under" federal law. 28 U.S.C. § 1331.

The HEA does not preclude the pursuit of state tort and contract claims. In *College Loan Corp. v. SLM Corp*., 396 F.3d 588 (4th Cir. 2005), the plaintiff, a student loan consolidation lender, brought claims in the Eastern District of Virginia against defendants, a competing lender and some of its affiliates, for breach of contract, breach of fiduciary duty, conversion, and

tortious interference with contractual relations, as well as various other claims, including a request for declaratory relief. *Id.* at 593.[6] Plaintiff alleged that defendants failed to properly process loan applications submitted for servicing by plaintiff in a "scheme" to divert the applications (and the attendant loan business) to defendants. *Id.* at 592.

The defendants in *College Loan* moved to dismiss, contending that plaintiff's claims "constituted an impermissible effort to assert private rights of action under the HEA because, '[r]egardless of how [plaintiff] might try to disguise or plead [its] claims, they all boil down to, and turn on, an alleged violation of the HEA'…" *Id.* at 593. Put another way, the *College Loan* defendants asserted that plaintiff's state law claims were preempted by the HEA, and, as such, were barred, as the HEA does not provide for a private right of action.

The Fourth Circuit concluded that plaintiff's state law tort and contract claims were not preempted by the HEA. To be sure, the Court did not address the jurisdictional matter of *complete* preemption—the case was already properly in federal court, based on diversity. But, in so concluding with respect to federal preemption, the Court necessarily determined that there was no complete preemption under the HEA.

In concluding that plaintiff's state law claims were not preempted by the HEA, the Court addressed the doctrine of federal preemption. It explained that, in the context of federal defensive preemption, state law claims are preempted under three circumstances: "(1) when Congress has clearly expressed an intention to do so ('express preemption'); (2) when Congress has clearly intended, by legislating comprehensively, to occupy an entire field of regulation ('field preemption'); and (3) when a state law conflicts with federal law ('conflict preemption')."

---

[6] Federal jurisdiction was based on diversity of citizenship. *Id.*

*Id.* at 595-96 (citation omitted). The Court then went on to explain that, with respect to the HEA, none of these circumstances applied to the plaintiff's state law claims.

With respect to express preemption, the Court stated: "The doctrine of express preemption has no application here…because the HEA makes no mention of preempting state tort and contract claims." *Id*. at 596.

With respect to field preemption, the Court observed, *id.* at 596 n. 5:

> Certain sections of the HEA expressly preempt certain state law claims. *See, e.g.,* 20 U.S.C. § 1078(d) (2000) (displacing state usury laws); *id.* at § 1091a(a) (displacing state statutes of limitations); *id.* at § 1091a(b) (displacing state infancy defenses); *id.* at § 1099 (displacing state disclosure requirements). Because Congress deemed it necessary to specifically preempt certain state laws, it is clear that Congress could not have intended the HEA to so 'occupy the field' that it would automatically preempt *all* state laws.

Thus, the Court concluded that "the second of the preemption doctrines, that of field preemption," did not apply to the tort and contract claims at hand. *College Loan,* 396 F.3d at 596. Further, the Court observed, *id.* at 596 n. 6: "Our analysis reveals that the courts addressing the issue have consistently concluded that the HEA does not occupy the field of higher education loans."

And, with respect to conflict preemption, the Court said, *id.* at 596 (citation omitted):

> [C]onflict preemption…may arise in two circumstances: from a direct conflict between state and federal law, such that compliance with both is impossible (called 'direct conflict'), or because a state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' (called 'obstacle preemption').

In *College Loan*, there was no apparent direct conflict between the HEA and the state law claims—compliance with the HEA would not have subjected defendants to liability for plaintiff's state law tort and contract claims. The Court also concluded that the trial court erred in holding that to permit plaintiff's state law claims to proceed "would pose an 'obstacle' to the

8

accomplishment of Congress's objectives in enacting the HEA." *Id*. In rejecting the trial court's finding of obstacle preemption, the Court stated, *id.* at 598: "The existence of comprehensive federal regulations that fail to occupy the regulatory field do not, by their mere existence, preempt non-conflicting state law."

The Court recognized that "courts have consistently held that no private right of action is available for violation of the HEA." *Id.* at 593. But, of import here, it observed that "the availability of a state law claim is even *more* important in an area where no federal private right of action exists." *Id.* at 598. The Court reasoned that "the lack of a statutory private right of action does not, in and of itself, bar a plaintiff from relying on violations of that statute as evidence supporting a state law claim," particularly as "an injured plaintiff may sue under state law seeking redress for a violation of a federal regulation." *Id.* at 599 n.9.

In my view, the HEA does not preempt plaintiff's state law claims such that they are "in reality based on federal law." *Beneficial*, *supra,* 539 U.S. at 8. *See Career Care Inst., Inc. v. Accrediting Bureau of Health Educ. Sch., Inc.*, No. 08-1186, 2009 WL 742532, *4 (E.D.Va. Mar. 18, 2009) (holding that plaintiff's Breach of Contract, Negligence, Tortious Interference with Contract, and Tortious Interference with Prospective Business or Economic Advantage claims were "state law claims that are not expressly or by necessary implication preempted by the HEA" and denying defendant's motion to dismiss on that ground); *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 808-09 (E.D.La. 2009) (denying motion to dismiss on preemption grounds because "[n]either the HEA nor its related regulations expressly preempt state laws on fraud, IIED or defamation. Further, courts have concluded that the HEA does not occupy the field of higher education loans and loan repayment," and "[n]either defendant has demonstrated an actual conflict…."). Accordingly, I am satisfied that this case is not one

"arising under" federal law for removal purposes. As diversity jurisdiction is not satisfied, this Court is without subject matter jurisdiction to hear the case.

This opinion does not foreclose defendant's defense of federal preemption in the state court, however. A "finding that complete preemption did not create federal removal jurisdiction will have no preclusive effect on a subsequent state-court defense of federal preemption." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 590 (4th Cir. 2006). Nor does this opinion address defendant's arguments regarding mootness, exhaustion, and/or the lack of a private right of action under the HEA. Rather, these are questions that must be decided on the merits by the state court, on remand.

## Conclusion

For the foregoing reasons, I conclude that this Court lacks subject matter jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case will be remanded to the District Court of Maryland (Baltimore City). An Order implementing this ruling follows.


Date: February 22, 2012                                    /s/
                                              Ellen Lipton Hollander
                                              United States District Judge